**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Christopher Lee B.,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0060** (Berkeley County 2018-C-223)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Christopher Lee B.,[1] by counsel Nicholas J. Matzureff, appeals the December 21, 2018, order of the Circuit Court of Berkeley County denying his petition for habeas corpus relief. Respondent, Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Scott E. Johnson, filed a response. On appeal, petitioner argues that the circuit court erred in denying him habeas corpus relief on the basis of ineffective assistance of counsel and further erred in denying him the opportunity to develop this argument at an omnibus evidentiary hearing.

This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and remanded to the circuit court with instructions to appoint petitioner habeas counsel and to hold an omnibus evidentiary hearing.

Between August of 2015 and February of 2016, petitioner committed several acts of incest and sexual abuse against his daughter, A.B., who was then under the age of twelve. Petitioner was arrested after A.B. reported the abuse to a teacher, who called child protective services, on February 21, 2016. Later that same day, A.B. called her teacher and reported that another episode of abuse had just occurred at A.B.'s home. Police officers were called to the scene where they

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

recovered DNA evidence. Upon questioning, petitioner admitted to abusing his daughter, i.e., three instances of digital and oral penetration, and one instance of intercourse. Petitioner was arrested.

On March 15, 2016, the prosecutor offered petitioner a plea agreement in which petitioner would agree to plead guilty to three counts of incest and one count of first-degree sexual abuse. In exchange, petitioner would be sentenced to not less than five nor more than fifteen years of incarceration for each of the three counts of incest and not less than five nor more than twenty-five years of incarceration for the charge of first-degree sexual abuse. The sentences were to be served consecutively. The agreement also provided that "[a]s this is a binding plea agreement between the Defendant and the State, the Defendant may not later seek a reduction or modification of the sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure." Petitioner did not sign this proposed plea agreement. On March 29, 2016, the prosecutor sent petitioner a modified plea agreement. The modified agreement was nearly identical to the March 15, 2016, plea agreement, except the March 29, 2016, agreement contained no language indicating that it was a binding plea agreement. The March 29, 2016, plea agreement also contained language at the outset stating that "[t]his offer is similar to the previous offer made on March 15, 2015. One paragraph was deleted." The deleted paragraph was paragraph seven, which contained the binding plea agreement language. The remainder of the agreement was unchanged. Petitioner signed the modified plea agreement on March 29, 2016.

The State filed an information against petitioner on April 5, 2016, charging him with three counts of felony incest and one count of sexual abuse in the first degree. Pursuant to the March 29, 2016, plea agreement, petitioner pled guilty to all four charges on April 11, 2016. Petitioner waived a presentence investigation report; however, the State asked that the investigative report be completed. At the plea hearing, petitioner was given the opportunity to rescind some or all of his guilty pleas, and he declined to do so.

The trial court reconvened on May 11, 2016, for sentencing. The prosecution characterized the plea agreement as binding. The trial court asked petitioner "do you have anything to say why sentence should not be pronounced against you; or do you wish to make a statement [o]n your own behalf; or to present any information in mitigation of punishment?" At that point, petitioner made a statement expressing his remorse for his actions. Petitioner was sentenced to not less than five nor more than fifteen years of incarceration for each of the three counts of incest, and not less than five nor more than twenty-five years of incarceration for the count of sexual abuse in the first degree. The sentences were to be served consecutively. The trial court informed petitioner that, although he was sentenced through a plea agreement, he still had the right to seek an appeal or writ of error from his convictions and sentences.

On July 11, 2018, petitioner, by counsel, filed a petition for a writ of habeas corpus in the circuit court. He argued that he received ineffective assistance of counsel because his trial counsel failed to object to the State's characterization of the plea agreement as binding upon the trial court. Petitioner asserted that, although the first proposed plea agreement contained language indicating it was a binding plea offer, he did not sign that offer. Instead, he signed the modified plea agreement which contained no language indicating it was a binding plea offer. When signing the modified plea agreement, petitioner also signed a court form entitled "Questions Prior to Accepting Pleas," which specifically stated that "any plea bargaining appearing in the record is not binding

2

upon the court with respect to any possible reduced punishment or probation that has been promised." During the presentence investigation ordered by the sentencing court, petitioner recalled stating his desire for the trial court to grant him leniency during sentencing. Petitioner further asserted that, during the April 11, 2016, plea hearing, no reference was made to a binding plea agreement. It was not until the May 11, 2016, hearing that the State incorrectly advised the trial court that the plea agreement was binding. Petitioner contends that, at that time, his counsel did not object or correct the State's mischaracterization of the plea agreement as binding. In further support of his petition for habeas relief, petitioner argued that considering his lack of prior criminal history, his likelihood of rehabilitation, and his remorse, there was a reasonable probability that he could have received a lesser sentence if his trial counsel would have advocated for such at petitioner's sentencing. Petitioner additionally argued that trial counsel was ineffective in failing to file a direct appeal or a motion for reconsideration of his sentence. He asserts that, if trial counsel had made such effort, his sentence could have been reduced due to mitigating factors.

The habeas court found that the modified plea agreement endorsed by petitioner on March 29, 2016, is binding on its face. The court noted that during the plea colloquy, the trial court asked petitioner if anyone suggested that he would get a reduced sentence if he pled guilty and petitioner responded, "no." The trial court then asked petitioner's counsel if he believed the plea deal was in the best interest of his client and counsel responded that it was in the petitioner's best interest based on the potential charges in an indictment. The habeas court noted that the trial court also found the plea agreement was binding. The habeas court found that since petitioner pled guilty under the agreement, he was prohibited from arguing for a lesser or alternative sentence. Therefore, trial counsel did not provide ineffective assistance for failing to do so. The habeas court concluded that trial counsel's performance was not ineffective or deficient and that, even if counsel had filed a motion or appeal, the results would have been the same. It is from this December 21, 2018, order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises two assignments of error. First, petitioner argues that the circuit court erred in failing to hold an omnibus evidentiary hearing to allow him to gather additional evidence in support of his claim of ineffective assistance of counsel. Petitioner notes that although circuit courts may determine that evidentiary hearings are unnecessary, they are still required to include in their final order the specific facts and conclusions of law as to why such a hearing is not necessary. Rule 9(a) W. Va. Rules Governing W. Va. R. Post-Conviction Habeas Corpus Proceedings. Further, when determining if a hearing is necessary, the circuit court must take into

3

consideration whether petitioner had a full and fair hearing at some other stage of the proceeding on the issue presented in the petition.

Here, petitioner argues that the circuit court abused its discretion by ignoring the ambiguities in the plea agreement and summarily (and improperly) finding that trial counsel was not ineffective. Petitioner contends that by failing to take any further action after his sentencing, trial counsel effectively waived petitioner's ability to argue for reconsideration or to directly appeal his case. After sentencing, petitioner advised his counsel that he would like to file a direct appeal or motion for a sentence reduction; however, trial counsel took no further action in the case. Petitioner asserts that failing to address his request for appellate relief amounted to ineffective assistance of counsel. If the circuit court had held the omnibus hearing, petitioner avers he would have been able to present evidence, cross-examine witnesses, and expound upon his claims of ineffective assistance of counsel. We agree with petitioner.

At the outset, we note that it is well established that "'"[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).' Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004)." Syl. Pt. 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). We conclude that petitioner's allegations are sufficient to require a hearing on the ineffective assistance claim, and accordingly, the circuit court was not justified in summarily dismissing the habeas petition. The court's ruling was based on the fact that it was familiar with the case, having presided in the underlying criminal proceeding; however, some of the allegations made by the petitioner call into question "the motive and reason behind [counsel's] trial behavior," a matter that cannot be determined where "the most significant witness, the trial attorney, has not been given the opportunity to explain." *Watson*, 200 W. Va. at 204, 488 S.E.2d at 479 (quoting *State v. Miller*, 194 W. Va. 3, 14-15, 459 S.E.2d 114, 125-26 (1995).

Petitioner argues that his trial counsel failed to file a direct appeal of his conviction, despite petitioner's request to do so. The circuit court held that petitioner was entitled to no relief on this issue because any appeal would have been futile since petitioner received the sentences agreed to in the plea agreement. However, we find that the circuit court failed to adequately address petitioner's contention that he was denied his right to appeal. Because an omnibus evidentiary hearing was not held on this matter, it is unknown why trial counsel did not file an appeal of petitioner's conviction. Here, even respondent acknowledges that this case should be remanded to the circuit court for an omnibus hearing regarding whether petitioner's trial counsel was ineffective for failing to file a direct appeal of his conviction. Therefore, the case is being remanded based on Syl. Pt. 1 *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476, 477 (1997), which requires specific findings and conclusions on "each contention advanced by the petitioner."

For the foregoing reasons, we reverse the circuit court's December 21, 2018, order and remand with instructions to appoint counsel for petitioner and hold an omnibus evidentiary hearing on petitioner's allegation of ineffective assistance of counsel.

Reversed and Remanded.

4

**ISSUED:** August 27, 2021


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton